IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN LEE,                          )
                                   )
            Petitioner,            )        Civil Action No. 2:18-cv-836
                                   )
      v.                           )
                                   )        Magistrate Judge Patricia L. Dodge
PENNSYLVANIA BOARD OF              )
PROBATION AND PAROLE, *et al.*,    )
                                   )
            Respondents.           )

## MEMORANDUM

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF No. 1) filed

by state prisoner John Lee ("Petitioner"). Petitioner challenges the decision by the Pennsylvania

Board of Probation and Parole ("Board") to deny him parole. For the reasons set forth below, the

Court will deny the Petition and deny a certificate of appealability.

I.    **Background**[2]

In 2008, the Commonwealth charged Petitioner with offenses related to the sexual assault

of children. His trial was held in March 2009 in the Court of Common Pleas of McKean County,

and at its conclusion the jury convicted him of numerous crimes. The court imposed his sentence

in July 2009, but it subsequently vacated that sentence after Petitioner prevailed in a collateral

proceeding he filed under Pennsylvania's Post-Conviction Relief Act ("PCRA"). Petitioner later

reached a plea agreement with the prosecution, and on February 13, 2012, he pleaded guilty to:

(1) Involuntary Deviate Sexual Intercourse With a Child, in violation of 18 PA. CONS. STAT.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] The information set forth below was obtained from the documents in the record and from the docket sheets of Petitioner's state criminal cases at *Commonwealth v. Lee*, CP-42-CR-652-2008, CP-42-CR-487-2008, and CP-42-CR-488-2008, which are available to the public online and of which this Court takes judicial notice.

ANN. § 3123(b); (2) Indecent Assault, Victim Less Than 13, in violation of 18 PA. CONS. STAT. ANN. § 3126(a); and (3) Aggravated Indecent Assault, Victim Less than 13, in violation of 18 PA. CONS. STAT. ANN. § 3125(a)(7).[3] (ECF No. 16-1 at 15-17, 19-22). The court imposed a total aggregate sentence of 10 to 20 years of imprisonment, to be followed by four years of probation. (ECF No. 16-1 at 15-17). It also determined that Petitioner was a Sexually Violent Predator and, therefore, subject to the provisions of Megan's Law. (*Id.* at 19-23).

As Petitioner approached his minimum sentence date, the Board evaluated him for parole. On March 22, 2018, it issued a decision notifying him that it denied him parole. (*Id.* at 28). It explained:

> The reasons for the Board's decision include the following:
>
> Your need to participate in and complete additional institutional programs.
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Your failure to demonstrate motivation for success.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.

(*Id.*)[4]

In his Petition for a Writ of Habeas Corpus (ECF No. 1) and Memorandum of Law in Support (ECF No. 2), Petitioner claims that the Board's decision to deny him parole violated his

---

[3] These are not Petitioner's only criminal convictions. In 1983, the Court of Common Pleas of McKean County sentenced him to a term of seven to 14 years of incarceration on a conviction of third-degree murder. (ECF No. 16-1 at 5-6). In 2010, he was sentenced in this Court to a term of 32 months of imprisonment for violating 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) (Receipt and Attempted Receipt of Material Depicting the Sexual Exploitation of a Minor). (ECF No. 16-1 at 8-9).

[4] The Board advised Petitioner that he would be considered for parole again "in or after March, 2019." (ECF No. 16-1 at 28). Neither party has notified the Court that Petitioner has had that second parole review.

substantive due process rights. In their Answer (ECF No. 16), Respondents contend that the Court should deny Petitioner's claim on the merits. Petitioner did not file a Reply.[5]

## II.    Discussion

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, which is the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner the writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution...of the United States."   28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *Id.*; *see, e.g., Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

### B.    The Exhaustion Requirement

State prisoners typically must "exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In 2005, in *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that, aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *Id.* at 445. Therefore, it held, a Pennsylvania prisoner who is challenging the denial of parole is exempt from the exhaustion requirement with respect to all other types of constitutional claims. *Id.* The continuing validity of *Defoy* has been called into question, *see, e.g.*, Report and Recommendation in *Bradley v. Wingard, et al.*, No. 3:15-cv-235, slip op. at 3-4 (W.D. Pa. Oct. 12, 2017) (Pesto, Mag. J), adopted as the opinion of the Court by Memorandum

---

[5] "Although not required, the petitioner may file a Reply (also known as "a Traverse") within 30 days of the date the respondent files its Answer." Rule 2254.E.2 of the Local Rules of the United States District Court for the Western District of Pennsylvania.

Order (W.D. Pa. Sept. 5, 2018) (Gibson, J), and Respondents have preserved the issue for the purposes of appellate review. However, they do not ask the Court to consider whether *Defoy* is still good law. Instead, they contend that the Court should deny Petitioner's substantive due process claim on the merits. In light of Respondents' position, and because a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits[,]" *Roman v. DiGuglielmo,* 675 F.3d 204, 209 (3d Cir. 2012), the Court will not address the issue of exhaustion further.

### C.    Petitioner's Substantive Due Process Claim Has No Merit

Petitioner has no right to parole under state law. *See, e.g., Hudson v. Pennsylvania Bd. of Prob. and Parole*, 204 A.3d 392, 395 (Pa. 2019).[6] Whether to grant him parole was a decision left to the sole discretion of the Board. 61 PA. CONS. STAT. ANN. §§ 6135, 6137; *see, e.g., Homa v. Pennsylvania Bd. of Prob. and Parole*, 192 A.3d 329, 334 (Pa. Commw. Ct. 2018). In exercising its discretion, the Board was required to consider a number of factors, including the nature and circumstances of the offenses Petitioner committed; any recommendations made by the trial judge or the prosecuting attorney; Petitioner's general character and background; testimony given at his sentencing hearing; his conduct while in prison; his physical, mental and behavioral condition; his history of family violence; and his complete criminal record. *Id.,* § 6135(a). The reasons listed by the Board in its March 22, 2018 decision reflect that it considered those factors. Petitioner claims, however, that the Board's decision violated his substantive due process rights because it was arbitrary and capricious and relied upon impermissible criteria.

---

[6] Petitioner has no liberty interest in parole, *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S 1 (1979), and he does not contend that the Board violated his procedural due process rights.

The Fourteenth Amendment's Due Process Clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (internal quotation and citations omitted); *see also Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980) ("Even if a state statute does not give rise to a liberty interest in parole release…, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."). "Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." *Id.* (internal quotations and citations omitted); *see also Hunterson v. DiSabato*, 308 F.3d 236, 248 (3d Cir. 2002) ("when an executive action is at issue, only the most egregious conduct will be considered arbitrary in the constitutional sense."). "As a general matter, it is governmental conduct intended to injure that is most likely to rise to the conscience-shocking level." *Evans v. Sec'y Pennsylvania Dept. of Corr.*, 645 F.3d 650, 660 (3d Cir. 2011) (internal citations and quotations omitted).

The Court of Appeals has explained that it would be arbitrary and capricious for the Board to base its decision on a reason that has no "rational relationship to the purpose of parole[,]" such as the "color of one's eyes, the school one attended, or the style of one's clothing." *Block*, 631 F.2d at 236 n.2. It has further held that it "would violate due process if [a parole board] bases a decision on constitutionally impermissible criteria such as race, religion, or the exercise of free speech rights." *Id.* at 237; *see also Newman*, 617 F.3d at 784.

Petitioner has not met his burden of demonstrating that the Board's decision to deny him parole was arbitrary and capricious. He provided to the Court his home, aftercare and correctional plans, as well as other documents he maintains establish that the Board should have

granted him parole. (ECF No. 2-2 through 2-9). Those documents would be relevant if the Court were evaluating whether the Board made the correct decision, but the Court is not doing so and indeed, cannot conduct such an evaluation. The Court is "not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001). Here, there was "some basis" for the Board's decision, and its decision does not shock the conscience.

Petitioner argues that the reasons the Board listed in its March 22, 2018, decision were "pretextual" and that it actually denied him parole "in order to be vindictive" because he succeeded in his PCRA proceeding in getting the results of his 2009 jury trial vacated. In support, he alleges that during his parole interview, he was asked why he "fought so hard" to get the jury's verdict "overturned" if he was taking responsibility for his crimes. (ECF No. 2 at 2). Assuming without deciding that this question was posed to him, the Court cannot conclude that it demonstrates that the Board denied him parole for an impermissible reason. The question was relevant to the Board's task of investigating the nature and circumstances of the offenses he committed and his complete criminal record, factors it was required to consider in conducting its evaluation.[7] 61 PA. CONS. STAT. ANN. § 6135(a). Additionally, given the numerous factors the Board identified in its March 22, 2018 decision, Petitioner has failed to establish that the Board denied him parole in retaliation for his successful PCRA proceeding.

## III. Conclusion

Based upon all of the forgoing, the Court concludes that Petitioner has not satisfied his burden of demonstrating that the Board's decision to deny him parole violated his substantive

---

[7] Petitioner also contends that during his parole interview he was asked about his third-degree murder conviction. Similarly, there was nothing improper about that inquiry since his complete criminal record is one of the factors the Board must consider.

due process rights. Accordingly, the Court will deny his Petition for a Writ of Habeas Corpus. Because jurists of reason would not find the Court's conclusion debatable or wrong, it will deny a certificate of appealability.[8]

An appropriate Order follows.

/s/ Patricia L. Dodge
Date: October 15, 2019          PATRICIA L. DODGE
                                United States Magistrate Judge

---

[8] A state prisoner may not appeal a district court's order denying habeas relief "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).